**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KEVIN R. BLAND,<br>            Appellant, | DOCKET NUMBER<br>SF-0752-16-0368-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE,<br>            Agency. | DATE: January 31, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joel J. Kirkpatrick, Esquire, Plymouth, Michigan, for the appellant.

Lawrence Lynch, Esquire, Joint Base San Antonio, Randolph, Texas, for
    the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 At all times relevant to this appeal, the appellant was a Criminal Investigator with the Air Force Office of Special Investigations and an Air Force reservist. Initial Appeal File (IAF), Tab 5 at 133-50, Tab 6 at 7. From October 2009 to June 2011, the appellant was assigned to the Criminal Investigative Task Force (CITF), a multi-agency task force headquartered in Fort Belvoir, Virginia. IAF, Tab 5 at 133, Tab 6 at 75. In June 2011, he was transferred to the agency's Los Angeles Air Force Base (LAAFB) and assigned to the Federal Bureau of Investigation's Joint Terrorism Task Force. IAF, Tab 5 at 140, Tab 6 at 68.

¶3 In April 2015, the agency proposed the appellant's removal, alleging that, on multiple occasions between November 2009 and May 2014, he made deliberate misrepresentations concerning his time and attendance by indicating that he was performing his regular civilian duties when he was, in fact, serving in his capacity as a military reservist, which resulted in him receiving unauthorized dual compensation of approximately $40,000. IAF, Tab 4 at 62-64. After the appellant submitted written and oral responses to the proposed removal, the agency replaced the original deciding official with a new deciding official, who

provided the appellant additional documentation in support of the proposed removal and afforded him a second opportunity to submit oral and written replies. *Id.* at 32-55; IAF, Tab 5 at 4-7, Hearing Transcript, Day 1 (HT1) at 47 (testimony of the original deciding official). Following the appellant's written reply, IAF, Tab 4 at 26-31, the agency removed the appellant effective February 24, 2016, *id.* at 11, 15-18.

¶4    The appellant filed an appeal of his removal with the Board, and he requested a hearing. IAF, Tab 1. The appellant raised affirmative defenses of harmful procedural error and a due process violation resulting from replacing the original deciding official with a new one, as well as a race discrimination claim. *Id.* at 6.

After holding a hearing, the administrative judge issued an initial decision that affirmed the appellant's removal. IAF, Tab 25, Initial Decision (ID) at 1, 25. The administrative judge found that the agency proved its charge, that its action promoted the efficiency of the service, and that the penalty of removal was reasonable. ID at 4-15, 22-25. The administrative judge also found that the appellant failed to prove his affirmative defenses. ID at 15-22.

¶5    The appellant has filed a petition for review of the initial decision, the agency has responded in opposition, and the appellant has replied to the agency's response. Petition for Review (PFR) File, Tabs 3, 5-6.

## ANALYSIS

The administrative judge correctly found that the agency proved the charge.

¶6    To establish a charge of misrepresentation, falsification, or lying, an agency must prove that the appellant: (1) supplied wrong information; and (2) knowingly did so with an intent to defraud, deceive, or mislead the agency for his own private material gain. *Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶¶ 10-12 (2014). The intent to defraud or mislead the agency may be established by circumstantial evidence and also may be inferred when the

misrepresentation is made with a reckless disregard for the truth or with conscious purpose to avoid learning the truth. *Id.*, ¶ 10. Whether intent has been proven must be resolved by considering the totality of the circumstances, including the appellant's plausible explanation, if any. *Id.*

¶7    In finding that the agency proved the charge, the administrative judge rejected the appellant's following two arguments, which were reiterated on review: (1) the appellant's receiving dual compensation was unintentional because he relied on others to ensure that his timekeeping was accurate, ID at 12-14; PFR File, Tab 3 at 17-19; and (2) pursuant to his supervisor's approval, the appellant performed both his civilian and military duties during his tours of reserve duty at Langley Air Force Base (Langley) in Hampton, Virginia, and Andrews Air Force Base (Andrews) in Maryland in 2010, ID at 7-12; PFR File, Tab 3 at 7, 19-20.

¶8    Regarding the first argument, the administrative judge noted that in most instances when the appellant was on reservist duty, he continued to personally certify his civilian timecards, each of which reflected that he was on regular civilian duty, not on military or annual leave. ID at 13; IAF, Tab 7 at 10-11; Tab 8 at 109-10, 119-28, 132-33, 135-36. The administrative judge also noted that, although the appellant admitted that he was told when he started at the CITF that he would have up to 30 days of military leave available each year to use during his reservist assignments, he never took any military leave while at the CITF, despite the fact that he was on reserve duty for 124 civilian workdays during his tenure there. ID at 12-13; *see* 5 U.S.C. § 6323(a)(1) (authorizing a civilian employee to use up to 15 days of military leave per fiscal year, with the right to carry over any unused military leave into the succeeding fiscal year). The administrative judge further noted that, for each of the nine tours of reserve duty that the appellant served during the relevant time period, he completed a form in which he certified that he had applied for appropriate leave as a civilian, even though he did not request any type of leave while in an active duty status. ID

at 13-14; IAF, Tab 5 at 99, 101, 104, 107, 110, 115, 118, 124, 128.  Based on these circumstances, we agree with the administrative judge's finding that the appellant's assertion was not credible.  ID at 12.

¶9	Turning to the second argument, the administrative judge did not credit the appellant's assertion that he continued to perform his civilian duties at the CITF with his supervisor's express authorization while he was on military reserve duty at Langley and Andrews in 2010.  *Id.*  The administrative judge found the appellant's testimony that he did so "improbable," "fraught with inconsistencies," and "wholly unpersuasive."  ID at 10-11.

¶10	By contrast, the administrative judge credited the appellant's supervisor's testimony that he did not recall seeing the appellant at the CITF during his reserve tours of duty, nor did he recall any discussions about the appellant simultaneously working for the agency as a reservist and a civilian.  ID at 7-8.  The administrative judge found that the supervisor's testimony was both internally consistent and consistent with the record.  ID at 8; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (discussing the relevant factors in making credibility determinations).  The administrative judge further found it unlikely that the appellant's supervisor would not recall approving such an arrangement if he had done so.  ID at 8.

¶11	The appellant challenges this finding on review, arguing that, because his supervisor testified that he did not recall approving the appellant's proposal to simultaneously perform his civilian and military duties, the appellant's testimony that his supervisor authorized such an arrangement is unrefuted and, therefore, the administrative judge erred in not crediting his testimony.  PFR File, Tab 3 at 19-20.  The appellant further asserts that, given his unrefuted testimony that his supervisor approved his plan to simultaneously perform his military and civilian duties, the agency cannot establish that he "misrepresented information with the intention to deceive," and, thus, it cannot prove the charge.  *Id.*

¶12     This argument is unavailing.  The Board must defer to an administrative judge's credibility determinations when, as here, they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  Under *Hillen*, one of the relevant factors in making credibility determinations is the inherent improbability of the witness's version of events. *See* 35 M.S.P.R. at 458.  Thus, in assessing the appellant's credibility, the administrative judge appropriately considered the improbability of the appellant's claims that he simultaneously performed his civilian and military duties during his reserve tours of duty at Langley and Andrews with his supervisor's express approval.  The appellant has not shown a sufficiently sound reason for overturning the administrative judge's explained credibility determinations.

¶13     We also find unpersuasive the appellant's argument on review that the agency failed to prove the charge of deliberate misrepresentation by alleging that he intentionally falsified his timesheets from 2009-2014; however, he could not have falsified his timesheets during his entire 3-year tenure at LAAFB.  PFR File, Tab 3 at 16.  Contrary to the appellant's assertion, the agency alleged that the appellant falsified his time cards "on multiple occasions" during the period between November 2009 and May 2014; it did not allege that he falsified his timecards throughout that whole period.  IAF, Tab 4 at 62.  Thus, the appellant has shown no basis to disturb the administrative judge's finding that the agency proved its charge by preponderant evidence.  ID at 15.

The administrative judge correctly found that the appellant failed to prove his affirmative defenses.

¶14     We next consider the appellant's affirmative defenses.  Regarding the appellant's harmful procedural error and due process claims, the administrative judge found that the evidence did not support the appellant's allegation that the agency replaced the original deciding official to ensure that the appellant would

be removed from Federal service. ID at 15-19. As for the appellant's claim of race discrimination based on disparate treatment, the administrative judge found that the appellant failed to prove by preponderant evidence that his race was a motivating factor in the agency's decision to remove him. ID at 19-22.

¶15    On review, the appellant reiterates his argument below that the agency violated his due process rights and committed harmful procedural error by replacing the original deciding official to prevent him from issuing a decision that was favorable to the appellant.[2] PFR File, Tab 3 at 27-30; IAF, Tab 18 at 20-21, 23. In support of this claim, the appellant relies on the following statement in a July 2015 email from the original deciding official to agency personnel: "My thought is that we start the settlement discussion at [the appellant] repaying $87,040.48, 97 days suspension [without] pay, a last chance agreement and waive all appeal rights . . . ." IAF, Tab 18 at 37. The appellant contends that this statement shows that the original deciding official did not intend to remove him, and he asserts that, once the agency learned of the original deciding official's intention, it replaced him with another deciding official, who "rubberstamped" the agency's decision to remove the appellant. PFR File, Tab 3 at 29-30.

¶16    In finding that the appellant failed to prove these affirmative defenses, the administrative judge rejected the appellant's argument that, as of July 2015, the original deciding official had determined that removal was not appropriate. ID at 16-17. The administrative judge credited the testimony of the original deciding official that he was planning to remove the appellant before he was replaced as deciding official, and that his reference to a suspension instead of removal in the

_____

[2] On review, the appellant does not specifically challenge the administrative judge's finding that he failed to prove his affirmative defense of race discrimination based on disparate treatment. *See generally* PFR File, Tab 1; ID at 19-22. We have reviewed the record and discern no reason to disturb this finding. Because we discern no error with the administrative judge's motivating factor analysis, we do not reach the question of whether discrimination was a "but-for" cause of the removal action. *See Pridgen v. Office of Management & Budget,* 2022 MSPB 31, ¶¶ 22-25.

email discussing possible settlement was merely a "what if" scenario in the event that the appellant chose to appeal the removal. ID at 16, 19; HT1 at 51, 55-56 (testimony of the original deciding official). The administrative judge found that, while the email evinces the original deciding official's willingness to discuss settlement in lieu of removal, it does not support the appellant's assertion that the agency replaced the original deciding official because he felt that removal was not appropriate. ID at 17.

¶17     The administrative judge further found that there was no evidence that the deciding official was merely a facilitator for a predetermined decision, or that he failed to properly consider the evidence before him. *Id.* In making this finding, the administrative judge credited the deciding official's testimony that he carefully considered all of the evidence and made his own determination in deciding to remove the appellant. *Id.*; HT1 at 155, 166, 177, 187-88 (testimony of the deciding official). Therefore, the administrative judge found, the appellant did not offer sufficient evidence to support his allegation that the agency replaced the original deciding official in an effort to prevent him from issuing a decision that was more favorable to the appellant. ID at 17.

¶18     The appellant argues on review that the evidence does not support the administrative judge's finding that the original deciding official would have removed the appellant if he had remained the deciding official. PFR File, Tab 3 at 27; ID at 17. As noted above, in making this finding, the administrative judge credited the original deciding official's testimony that he was planning to remove the appellant when he was replaced as deciding official. ID at 17 (finding that the testimony of both deciding officials was unequivocal, detailed, consistent, and not inherently improbable); HT1 at 55 (testimony of the original deciding official). Thus, the appellant is challenging the administrative judge's determination that the original deciding official credibly testified that he always felt that removal was an appropriate penalty.

¶19     This argument is unpersuasive, as the appellant has failed to identify a sufficiently sound reason for overturning the administrative judge's credibility findings, and we discern no basis to disturb those findings. Likewise, we find no basis to disturb the administrative judge's determination that the appellant failed to prove his due process and harmful error claims. ID at 18-19. As the administrative judge found, the appellant received notice and opportunities to respond to the charge against him, ID at 18, and failed to identify any applicable procedures that the agency failed to follow, *id.*; *see* 5 C.F.R. § 1201.4(r) (to prove harmful procedural error, the appellant must prove that the agency's error in applying its procedures is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error).

The administrative judge correctly found that the penalty of removal was reasonable.

¶20     When, as here, all of the agency's charges, or its sole charge, have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Adam v. U.S. Postal Service*, 96 M.S.P.R. 492, ¶ 5 (2004), *aff'd*, 137 F. App'x 352 (Fed. Cir. 2005); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). In doing so, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to ensure that managerial judgment has been properly exercised. *Adam*, 96 M.S.P.R. 492, ¶ 5. Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that it clearly exceeded the bounds of reasonableness in determining the penalty. *Id*.

¶21     In finding that removal is a reasonable penalty for the sustained charge, the administrative judge determined that the deciding official considered the relevant *Douglas* factors in reaching his decision. ID at 23; IAF, Tab 20 at 10-15.

Specifically, the administrative judge found, and the record clearly shows, that the deciding official considered the nature and seriousness of the offense, the appellant's position as a Criminal Investigator, and the appellant's loss of credibility resulting from his falsifying his timecards for his personal gain. ID at 23-24; IAF, Tab 20 at 10-11. The administrative judge also noted that the deciding official considered the appellant's 6 years of service with the agency and his acceptable performance, but found that these factors were insufficient to outweigh the seriousness of the charge. ID at 25; IAF, Tab 20 at 11. The administrative judge also considered the deciding official's testimony that, given the seriousness of the charge and its relationship to the appellant's position as a law enforcement officer, no lesser penalty than removal would be appropriate. ID at 25; IAF, Tab 20 at 24; HT1 at 150, 152-54 (testimony of the deciding official).

¶22      The appellant argues on review, as he did on his Board appeal form, that the *Douglas* factors do not support his removal because other employees who engaged in misconduct that was at least as serious as his misconduct were not removed, and the agency failed to sufficiently explain why he received a significantly harsher penalty than those employees. PFR File, Tab 3 at 5, 30-33; IAF, Tab 1 at 6. This argument is an allegation of disparate penalty. In the prehearing conference summary, the administrative judge did not address the appellant's disparate penalty claim, explicitly stated that any claims not specifically identified were to be considered withdrawn, and provided the parties 7 days to object to the accuracy of his summary. IAF, Tab 21 at 5, 7-8. The appellant did not object to the excluding of his disparate penalty claim from the prehearing conference summary. Therefore, this issue is not properly before the Board on review. *Crowe v. Small Business Administration*, 53 M.S.P.R. 631, 634-35 (1992) (holding that an issue is not properly before the Board when it is not included in the administrative judge's memorandum summarizing the prehearing conference that states that no other issue will be considered, unless either party objects to its exclusion from the summary).

¶23 In any event, even if we were to consider the appellant's argument, it provides no basis to disturb the initial decision. In assessing a claim of disparate penalty, the relevant inquiry is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶¶ 14, 17. The appellant has not provided evidence of any similarly-situated employee being treated differently than he was; therefore, his disparate penalty claim must fail. We thus find no basis to disturb the administrative judge's determination that the deciding official considered the relevant *Douglas* factors and exercised his discretion within the tolerable limits of reasonableness. ID at 25.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
                                                        Jennifer Everling
                                                        Acting Clerk of the Board

Washington, D.C.